OPINION JUDGMENT ENTRY
{¶ 1} Plaintiffs Sunday L. and Richard Fraley appeal a judgment of the Court of Common Pleas of Richland County, Ohio, which sustained appellee Allstate Insurance Company's motion to compel settlement. Appellants assign three errors to the trial court:
 {¶ 2} "The trial court had no jurisdiction to enter an order concerning a settlement.
 {¶ 3} "There is no admissible evidence of record upon which to find that a settlement occurred.
 {¶ 4} "The trial court erred in finding that a settlement agreement had been performed and not repudiated."
 {¶ 5} The record indicates appellants brought suit against a tortfeasor for injuries arising out of a motor vehicle accident. The case against the tortfeasor was settled and the tortfeasor's insurer paid appellants its liability limits of $15,000. This action is against the insurer of the car in which appellant Sunday Fraley was riding at the time she was injured. The Allstate policy on the car had uninsured/underinsured motorist limits of $50,000. Appellants also had a claim against their personal insurer, American International. Because American had settled with various other injured parties, American International had $2,500 remaining of its original limits.
 {¶ 6} Appellee Allstate and American International, which is not a party to this appeal, filed cross-motions with the trial court to determine the order of payment to appellants. While the cross-motions were pending, appellants entered into a settlement agreement with appellee Allstate for $5,000, over and above what the tortfeasor had already paid. The settlement was confidential, because the parties also agreed to wait for the court's ruling on the motions relative to order of payment. Both parties agree the trial court was advised of the settlement, but requested the court rule on the pending motions for summary judgment in order to establish the order of payment.
 {¶ 7} The trial court entered summary judgment in favor of plaintiffs and against defendants in the amount of $35,000 plus interest, that amount being Allstate's policy limits minus the tortfeasor's contribution. The court found Allstate's coverage was primary and Allstate was responsible for the full amount.
 {¶ 8} Thereafter, appellee's position was the court's judgment was a declaratory judgment finding Allstate's liability limit was $35,000. Appellants, on the other hand, took the view the judgment entry permitted them to recover $35,000. Appellants cashed the $5,000 settlement check after amending it with a notation the matter was not settled.
 {¶ 9} When Allstate paid no more money, appellants moved for a debtor's examination of Allstate Insurance Company to enforce the court's judgment as appellants interpreted it. In opposition, appellee Allstate filed a motion to enforce the settlement. Allstate also moved in the alternative for a variety of forms of relief, including clarification of the judgment or for relief from judgment, and also moved the court for sanctions against appellant. The court stayed the collection proceeding during the pendancy of the various motions.
 {¶ 10} On June 2, 2003, the trial court entered judgment on the various motions, and found the matter had been settled amongst the parties for $5,000 prior to its ruling on the cross-motions for summary judgments between the defendants. The court found appellee Allstate had paid the $5,000 to the appellants and appellants had accepted payment by cashing the settlement check. The court found all pending motions were moot, and dismissed appellant's complaint against Allstate with prejudice.
 I {¶ 11} In their first assignment of error, the appellants argue the trial court lacked jurisdiction to enter this order. Appellant's argue the trial court could not modify a final, unappealed judgment.
 {¶ 12} Appellants overlook the fact it was their motion to conduct a debtor's examine on the judgment which brought the matter before the trial court after the final judgment was entered. Thus, appellants properly invoked the trial court's jurisdiction. Once appellants had brought the matter before the trial court, appellees defended, arguing, inter allia, the judgment had been satisfied. The trial court has jurisdiction to entertain the various motions, contra, appellants' motion.
 {¶ 13} The first assignment of error is overruled.
 II {¶ 14} In their second assignment of error, appellants argue there was no admissible evidence of record upon which to find a settlement occurred.
 {¶ 15} The trial court properly conducted a hearing on the various motions on May 13, 2003. At the hearing, appellants conceded the parties had entered into the settlement. Appellants asserted they did not have an obligation to accept the $5,000 Allstate had tendered after the trial court entered its disputed ruling. The trial court responded although it was not sure whether appellants had an obligation to accept the payment, nevertheless, they did accept the check, and cashed it. The court noted after informing appellees they did not wish to proceed with the settlement, appellants actually cashed the check. T. at page 14.
 {¶ 16} Additionally, the record contains various documents which appellee offered to the court in support of its contention the parties had entered into a settlement of all claims, which appellants then breached.
 {¶ 17} Even though appellants advance the argument there is no admissible evidence of record to find a settlement occurred, nevertheless, in their brief they concede they are not submitting to this court the settlement agreement was never entered into, modified, or repudiated.
 {¶ 18} The second assignment of error is overruled.
 III {¶ 19} In their third assignment of error, appellants urge the trial court erred in finding a settlement agreement had been performed and not repudiated. Again, at the hearing on the various post-judgment motions, appellants conceded they entered into the settlement agreement, then repudiated it and accepted the settlement check as partial payment.
 {¶ 20} In summing up the case, at the hearing, the trial court found it was clear there was a settlement agreement to pay $5,000 to settle the case after the summary judgment motions were decided. When the decision was rendered, Allstate tendered the money. The court found when the party tenders a check in settlement the recipient does not have the right to cross out the settlement terms or the tender terms and cash the check anyway, then argue it is not bound by the terms of the settlement.
 {¶ 21} We find the trial court correctly found the matter had been settled, and appellants were not entitled to further payments. The trial court then sustained the motion to enforce the settlement, and found the various other motions for alternative relief which appellees had filed were all moot, because its ruling on the first motion disposed of the matter. We find the result reached by the trial court was the proper one.
 {¶ 22} The third assignment of error is overruled.
 {¶ 23} For the foregoing reasons, the judgment of the Court of Common Pleas of Richland County, Ohio, is affirmed.
Judgment affirmed.
Wise and Boggins, JJ., concur.
 {¶ 24} For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Richland County, Ohio, is affirmed. Costs to appellants.